# CIVIL COVER SHEET

The JS - 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings of other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
Tijuana Johnson, on behalf of herself and other persons similarly situated

## DEFENDANTS
Wynn's Extended Care, Inc. and National Casualty Company

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  Camden County, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Miami-Dade, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
Michael A. Galpern, Esquire
Locks Law Firm, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
Phone: 856-663-8200

ATTORNEYS (IF KNOWN)
Kevin M. McKeon, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300, Cherry Hill, NJ 08002
Phone: 856-414-6000

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 362 Personal Injury - Medical Malpractice | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 365 Personal Injury - Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal - Injury Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 330 Federal Employers' Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 340 Marine | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Arts |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | **PERSONAL PROPERTY** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | ☒ 370 Other Fraud | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | ☐ 371 Truth in Lending | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | | |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 350 Motor Vehicle | | | |
| | | ☐ 355 Motor Vehicle Product Liability | | | |
| | | ☐ 360 Other Personal Injury | | | |
| | | ☐ 380 Other Personal Property Damage | | | |
| | | ☐ 385 Property Damage Product Liability | | | |
| | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23 Declaratory Relief

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE: January 4, 2012

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Kevin M. McKeon*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(*Camden Vicinage*)

| | |
|---|---|
| TIJUANA JOHNSON, on behalf of herself and other persons similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>WYNN'S EXTENDED CARE, INC., & NATIONAL CASUALTY COMPANY<br><br>Defendants. | Case No.<br><br><br>Class Action |

**NOTICE OF REMOVAL OF DEFENDANTS,
WYNN'S EXTENDED CARE, INC. & NATIONAL CASUALTY COMPANY**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as amended by the Class Action Fairness Act of 2005, Defendants Wynn's Extended Care, Inc. & National Casualty Company ("Defendants") hereby remove the above-captioned action entitled <u>Tijuana Johnson, on behalf of herself and other persons similarly situated v. Wynn's Extended Care, Inc. & National Casualty Company</u>, No. L-5698-11 from the Superior Court of New Jersey, Camden County, to the United States District Court for the District of New Jersey. As grounds for removal to this Court, Defendants state as follows:

**FACTUAL BACKGROUND**

1. On November 15, 2011, Tijuana Johnson ("Plaintiff") commenced this action in the Superior Court of New Jersey, Camden County, Case No. L-5698-11.

2. Plaintiff served Defendants with a copy of the Summons and Complaint on December 6, 2011. *True and correct copies of the Summons, Complaint, and all other process, pleadings, and orders served on Defendants in this action are attached as Exhibit "A". See* 28 U.S.C. § 1446(a).

3. Defendant Wynn's Extended Care, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in Miami, Florida. Accordingly, Wynn's Extended Care, Inc. is a citizen of both California and Florida for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441. *See* 28 U.S.C. § 1332(c)(1).

4. Defendant National Casualty Company is a corporation organized and existing under the laws of Arizona with its principal place of business in Scottsdale, Arizona. (*See Exhibit "A" at ¶ 3*). Accordingly, National Casualty Company is a citizen of Arizona for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1453. *See* 28 U.S.C. § 1332(c)(1).

## PLAINTIFF'S CLASS ALLEGATIONS

5. Plaintiff alleges that Defendants "offer, display, market, and sell vehicle service contracts, through a network of dealers and agents to New Jersey consumers" and participated in "unconscionable business practices" in violation of "the New Jersey Consumer Fraud Act (CFA), the New Jersey Truth in Consumer Contract, Warranty and Notice Act (TCCWNA), and the New Jersey Plain Language Act (PLA)." *See Exhibit "A" at ¶ 1-4.*

6. In particular, Plaintiff claims that Defendants violated the aforesaid consumer protection statutes by "requiring consumers to sign form contracts (1) containing hidden and/or unreadable arbitration provisions which violate the aforesaid

consumer protection statutes; (2) requiring consumers to pay their own attorneys fees and costs in any dispute in violation of the CFA and TCCWNA; (3) requiring consumers to pay prohibitively excessive costs and fees that discourage and/or prohibit consumers from prosecuting any claims and/or disputes against Defendants; (4) extinguishing consumers' right to a jury trial without adequate and/or proper notice; (5) requiring that the arbitration take place in Orange County California before a panel of three arbitrators pursuant to unknown rules and/or procedures; and, (6) prohibiting an award of punitive damages." *See Exhibit "A" at ¶ 2.*

7.  Plaintiff seeks to pursue this potential profferred class action on behalf of one class and one subclass, as follows:

   a.  A class of "all persons, who since February 12, 2005 (or such date as discovery may disclose) to whom form contracts, the preprinted portions of which were identical or substantially similar to the UVSC [Used Vehicle Service Contract] (Attachment A) have been offered, displayed, given or signed in New Jersey presented by or on behalf of Defendants or their agents." *See Exhibit "A" at ¶ 26.*

   b.  A subclass of "all persons within the Class who, having suffered a "Covered Breakdown", as defined in the UVSC, had their claim to Defendants denied, in part or in whole." *See Exhibit "A" at ¶ 27.*

8.  Plaintiff further avers that "during the relevant time period, well over 500 persons were offered or signed the documents of the type offered to the Plaintiff and offered and issued by Defendants or their agents." *See Exhibit "A" at ¶ 29.*

3

## FEDERAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

9. **Application of CAFA.** This Court has jurisdiction of this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Public Law 109-2 codified at 28 U.S.C. § 1332(d).

10. CAFA creates federal jurisdiction over lawsuits in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,…is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant" and involves a putative class that consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5).

11. Each of these three requirements is met.

12. **Requirement No. 1: The Plaintiff is a Citizen of a State Different From Defendants.** Plaintiff is a citizen of New Jersey. (See *Exhibit "A" at ¶ 1 and 25*).

13. Defendant Wynn's Extended Care, Inc. is a citizen of California and Florida for purposes of CAFA. See 28 U.S.C. § 1332(c)(1).

14. Defendant National Casualty Company is a citizen of Arizona for purposes of CAFA. See 28 U.S.C. § 1332(c)(1).

15. Accordingly, this action is a class action where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added).

16. Minimum diversity is, therefore, satisfied.

17. **Requirement No. 2: The Class Consists of Well Over 100 Class Members.** Plaintiff alleges that "during the relevant time period, well over 500

4

persons were offered or signed the documents of the type offered to the Plaintiff and offered and issued by Defendants or their agents." *See Exhibit "A" at ¶ 29.*

18.  Furthermore, plaintiff's contention that the Class consists of "well over 500 persons" is extremely modest if one is to accept plaintiff's defined class as "all persons who, since February 12, 2005 . . . **have been offered, displayed, given or signed**" a Used Vehicle Service Contract in the State of New Jersey "<u>by or on behalf of Defendants</u>" that is identical or substantially similar to the Used Vehicle Service Contract sold to the plaintiff. *See Exhibit "A" at ¶ 26.* (emphasis added).

19.  Therefore, the requirement that the putative class consist of more than 100 members is satisfied.

20.  **Requirement No. 3: The Amount in Controversy Exceeds $5,000,000.** Defendants dispute Plaintiff's claims and will contest any motion seeking class certification. However, Plaintiff's allegations in the Complaint demonstrate that the Complaint seeks in excess of $5,000,000, exclusive of interest and costs, and therefore satisfies the amount in controversy requirement.

21.  As set forth above, Plaintiff seeks to pursue this action on behalf of all individuals who, since February 12, 2005, "have been <u>offered, displayed, given or signed</u>" a Used Vehicle Service Contract in the State of New Jersey "<u>by or on behalf of Defendants</u>" that is identical or substantially similar to the Used Vehicle Service Contract sold to the plaintiff. *See Exhibit "A" at ¶ 26.* (emphasis added).

22.  Thus, Plaintiff's purported class would include not only New Jersey consumers who purchased one of Defendants' Used Vehicle Service Contracts since February 12, 2005, but <u>all</u> consumers who were "offered, displayed or given" the option to purchase one of Defendants' Used Vehicle Service Contracts, "<u>by or on behalf of</u>

5

Defendants", regardless of whether such consumers eventually purchased one of Defendants' Service Contracts.

23. Since February 12, 2005, Defendants have sold and offered Used Vehicle Service Contracts to consumers through at least one-hundred ten (110) automotive dealerships in the State of New Jersey. *See Affidavit of Paul F. Guelmes, attached hereto as Exhibit "B"*.

24. Since February 12, 2005, Defendants have sold over ten-thousand (10,000) Used Vehicle Service Contracts, identical or substantially similar to the Used Vehicle Service Contract sold to the plaintiff, to consumers in the State of New Jersey. *See Affidavit of Paul F. Guelmes, attached hereto as Exhibit "B"*.

25. As set forth above, Plaintiff has alleged claims under the New Jersey Consumer Fraud Act, the New Jersey Truth in Consumer Contract, Warranty and Notice Act, and the New Jersey Plain Language Act. *See Exhibit "A"*.

26. Pursuant to these claims, Plaintiff seeks the following forms of relief for herself and the putative class:

   a. a minimum statutory penalty of $100.00 per class member;

   b. preliminary and permanent injunctive relief;

   b. actual and compensatory damages, including treble damages;

   c. punitive and exemplary damages; and

   d. attorneys fees and costs.

27. In addition to compensatory damages, it is appropriate to consider Plaintiff's request for treble damages, punitive damages and attorney's fees. Fluke v. Cash Call, Inc., 2009 U.S. Dist. LEXIS 18847 (E.D. Pa. March 10, 2009); Kaufman v.

6

Allstate N.J. Ins. Co., 561 F.2d 144 (3d. Cir. 2009); Packard v. Provident Nat'l. Bank, 994 F.2d 1039 (3d. Cir. 1993).

28.  Plaintiff's allegations concerning the thousands of people they will claim are allegedly in the putative class, the numerous forms of relief that Plaintiff seeks on behalf of that putative class, and the other information set forth above, clearly demonstrate that the amount of damages Plaintiff is seeking exceeds $5,000,000, exclusive of interest and costs.

29.  Plaintiff seeks a minimum statutory penalty of $100.00, trebled, for each of the at least 10,000 aforementioned consumers who purchased used vehicle service contracts from the Defendants since February 12, 2005 (or $3,000,000), plus additional trebled actual and compensatory damages for such purchasers, plus punitive damages, plus attorney's fees.

30.  **In addition**, plaintiff seeks trebled actual and compensatory damages, punitive damages, and attorney's fees for each of the countless consumers who were simply **offered, displayed or given** one of Defendant's identical or substantially similar used vehicle service contracts over the past nearly seven (7) years, but did not necessarily purchase one.

31.  Thus, even the most conservative computation of damages that Plaintiff is seeking overwhelmingly exceeds $5,000,000, exclusive of interest and costs.

**PROCEDURAL MATTERS**

32.  **Removal is Timely.**  This Notice of Removal is timely because it is being filed within 30 days after Defendants received, through service or otherwise, a copy of Plaintiff's Complaint. See 28 U.S.C. § 1446(b).

7

33. **Consent to Removal.** The Class Action Fairness Act of 2005 does not require all defendants to consent to removal. *See* 28 U.S.C. § 1453(b).

34. **Removal to Proper Court.** This Court is the appropriate court to which the action must be removed because it is part of the "district and division embracing the place where" Plaintiff filed this action in the Superior Court of New Jersey, Camden County. *See* 28 U.S.C. § 1446(a).

35. **Filing and Service.** Written notice of this Notice of Removal will be given to Plaintiff promptly after the filing of the Notice of Removal as required by 28 U.S.C. § 1446(d). In addition, as required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed promptly in the State Court Action with the Clerk of the Court of the Superior Court of New Jersey, Camden County after the filing of the Notice of Removal.

**WHEREFORE**, Defendants, Wynn's Extended Care, Inc. & National Casualty Company, hereby respectfully removes this action from the Superior Court of New Jersey, Camden County, to the United States District Court for the District of New Jersey.

                                                MARSHALL, DENNEHEY, WARNER,
                                                COLEMAN & GOGGIN

By: */s/ Kevin M. McKeon*
Kevin M. McKeon
*Attorney for Defendants*
*Wynn Extended Care Inc. &*
*National Casualty Company*
200 Lake Drive East, Ste. 300
Cherry Hill, NJ 08002
856-414-6003 (P)
856-414-6077 (F)
Dated: 1/5/12                                          kmmckeon@mdwcg.com