# EXHIBIT A

<u>Appendix XII-B1</u>

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☒ CG ☐ CA |
| CHG/CK NO. | 39505 |
| AMOUNT: | $200 |
| OVERPAYMENT: | |
| BATCH NUMBER: | B009 |

| ATTORNEY / PRO SE NAME<br>Michael A. Galpern, Esquire | TELEPHONE NUMBER<br>(856) 663-8200 | COUNTY OF VENUE<br>Camden |
|---|---|---|
| FIRM NAME (if applicable)<br>Locks Law Firm LLC | | DOCKET NUMBER (when available)<br>L-5698-11 |
| OFFICE ADDRESS<br>457 Haddonfield Road, Ste. 500, Cherry Hill NJ 08002 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND  ☒ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Tijuana Johnson, on behalf of herself and other persons similarly situated | CAPTION<br>Tijuana Johnson, on behalf of herself and other persons similarly situated v. Wynn's Extended Care, Inc. & National Casualty Company |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>599  PCA | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES  ☒ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☒ YES  ☐ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE  ☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☒ YES  ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☒ BUSINESS |
|---|---|
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☒ YES  ☐ No |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 06/20/2011, CN 10517-English                                                                                          page 1 of 2

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280  ZELNORM
- 285  STRYKER TRIDENT HIP IMPLANTS
- 288  PRUDENTIAL TORT LITIGATION
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION

**Mass Tort (Track IV)**
- 248  CIBA GEIGY
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 284  NUVARING
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 601  ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category**   ☒ **Putative Class Action**   ☐ **Title 59**

LOCKS LAW FIRM, LLC
Michael A. Galpern, Esquire
Andrew P. Bell, Esquire
Karl F. Friedrichs, Esquire
457 Haddonfield Road, Ste 500
Cherry Hill, NJ 08002
(856) 663-8200

LAW OFFICES OF CHARLES N. RILEY, LLC
Charles N. Riley, Esquire
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666

Attorney for Plaintiffs

| TIJUANA JOHNSON, on behalf of herself and other persons similarly situated         Plaintiffs | SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY LAW DIVISION |
|---|---|
| v. | DOCKET NO.: CAM-L- 5698-11 |
| WYNN'S EXTENDED CARE, INC., & NATIONAL CASUALTY COMPANY       Defendants | Civil Action CLASS-ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, Tijuana Johnson, by way of Complaint against Defendants on behalf of herself and others similarly situated, says:

1. This is a class-action complaint brought to obtain declaratory, injunctive and monetary relief for a class of consumers victimized by the unconscionable business practices of defendants, in violation of the New Jersey Consumer Fraud Act (CFA), the New Jersey Truth in Consumer Contract, Warranty and Notice Act (TCCWNA) and the New Jersey Plain Language Act (PLA).

2. Specifically, this class-action challenges numerous deceptive and unconscionable practices by defendants, including requiring consumers to sign a form

contracts (1) containing hidden and/or unreadable arbitration provisions which violate the aforesaid consumer protection statutes; (2) requiring consumers to pay their own attorneys fees and costs in any dispute in violation of the CFA and TCCWNA; (3) requiring consumers to pay prohibitively excessive costs and fees that discourage and/or prohibit consumers from prosecuting any claims and/or disputes against Defendants; (4) extinguishing consumers' right to a jury trial without adequate and/or proper notice; (5) requiring that the arbitration take place in Orange County California before a panel of three arbitrators pursuant to unknown rules and/or procedures; (6) prohibiting an award of punitive damages. All provisions violate the aforesaid consumer protection statutes and/or the law.

3. The Defendants use of the aforesaid form contracts are designed to permit the Defendants to engage in misrepresentations, deceptive and unconscionable commercial practices, deter consumers such as plaintiff from pursuing their rights under the New Jersey Consumer Fraud Act and prevent consumers from exercising those rights in the New Jersey courts to seek remedies regarding Defendants' unlawful practices.

4. Defendants Wynn Extended Care Inc. ("Wynn") and National Casualty Company ("National") offer, display, market, and sell vehicle service contracts, through a network of dealers and agents to New Jersey consumers.

5. Defendants are subject to the aforesaid consumer protection statutes such as the New Jersey Consumer Fraud Act, New Jersey Plain Language Act and the New Jersey Truth in Consumer Contract Warranty and Notice Act.

6. The conduct of the defendants described herein, and the action of the Defendants in dealing with Plaintiff and other similarly situated consumers not otherwise

described herein, is part of a fraudulent and unconscionable scheme to deter and prevent consumers such as plaintiff from pursuing any remedies against Defendants under the aforesaid consumer protection statutes.

## FACTS

7. Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

8. On February 12, 2011, plaintiff Tijuana Johnson a purchased a used 2007 Saturn from Smitty's Auto d/b/a Genesis Auto Sales for $12,612.

9. On February 12, 2011, plaintiff Tijuana Johnson also purchased a Wynn's Plus Used Vehicle Service Contract ("UVSC") for her 2007 Saturn which was offered and sold by Defendants Wynn and National.

10. Smitty's Auto acts as an agent of Defendants National and Wynn.

11. Plaintiff paid an additional $1380.00 premium for the purchase of coverage under the UVSC, a portion of which was paid to both Wynn and National.

12. On or about May 2011, the vehicle stopped operating.

13. At the direction of Defendants' agent Smitty Auto, the vehicle was taken to Exclusive Auto in Burlington, NJ to determine what repairs were needed.

14. Defendant Wynn authorized Exclusive to inspect the vehicle, including the engine.

15. Exclusive determined that plaintiff's vehicle needed a new engine, which is a covered part under the UVSC.

16. Plaintiff then requested Defendant Wynn to repair the vehicle.

17. Defendant Wynn denied coverage on the basis that the vehicle was covered under a manufacturer's warranty.

18. Plaintiff then contacted General Motors for coverage under its warranty.

19. GM denied coverage on the basis that Exclusive had taken apart the engine at the direction of defendant Wynn.

20. Plaintiff then again contacted defendant Wynn and demanded coverage under the UVSC to repair the engine.

21. Defendant Wynn again denied coverage.

22. Plaintiff has been without the use of her vehicle during this time paying $360.60 per month to the finance company plus the cost of automobile insurance and towing.

23. The defendants' VSC violates the above listed consumer protection statutes, including but not limited to the following:

   a. In connection with any dispute (including violations of consumer protection statutes), Defendants' arbitration provision wrongfully provides that she must pay her own attorneys fees and costs even if she is a prevailing party in direct contravention of the New Jersey Consumer Fraud Act.

   b. Defendants' arbitration provision prohibits an award of treble damages in direct contravention of the New Jersey Consumer Fraud Act;

   c. Defendants' arbitration provision requires that the arbitration take place in Orange County CA and requires 3 arbitrators pursuant to known rules and/or procedures – provision designed to make the

arbitration prohibitively expensive for NJ consumers and deter Plaintiff and other NJ consumers from pursuing remedies against defendant under the UVSC and/or the aforesaid consumer protection statutes.

d. The arbitration provision fails to inform Plaintiff and other NJ consumers that they are waiving their right to a jury trial for violations of consumer protection statutes.

e. The UVSC is greater than 3000 words and does not contain a table of contents and hides the unconscionable arbitration provision in fine print in a section on the reverse side of the last page of the multiple page UVSC in violation of the Plain Language Act.

f. The UVSC hides the unconscionable attorneys fees provision in fine print in the arbitration provision in violation of the Plain Language Act.

24. All of the aforesaid restrictions contained in the Defendants' contract and arbitration provision are designed to deter a consumer from bringing a claim against the defendant under the aforesaid consumer protection statutes.

25. As a result of the aforesaid violations, misrepresentations, deception, fraud, and unconscionable commercial practices, Plaintiff and other NJ consumers have sustained damages and an ascertainable loss.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action as a Class Action pursuant to Rule 4:32 on behalf of the class (the "Class") defined as follows:

> All persons, who since February 12, 2005 (or such date as discovery may disclose), to whom form contracts, the preprinted portions of which were identical or substantially similar to the UVSC (Attachment A) have been offered, displayed, given or signed in New Jersey presented by or on behalf of Defendants or their agents.

27. The action is also brought on behalf of the follow sub-class of persons coming within the definition of the Class (the "Subclass"):

> All persons within the Class who, having suffered a "Covered Breakdown", as defined in the UVSC, had their claim to Defendants denied, in part or in whole.

28. The class for those whose benefit this action has been brought is so numerous that joinder of all members is impracticable.

29. Upon information and belief, during the relevant time period, well over 500 persons were offered or signed the documents (Attachment A) of the type offered to Plaintiff and offered and issued by Defendants or their agents.

30. There are common questions of law and fact effecting the rights of all class members, including the following:

   a. Whether Defendants' contract and/or arbitration provision violated the New Jersey Consumer Fraud Act, New Jersey Plain Language Act and/or the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act.

   b. Whether defendants' failure to include a table of contents in its UVSC, failure to make the contract readable thereby hiding the arbitration,

      attorneys fees, jurisdiction and punitive damages provisions violated the New Jersey Plain Language Act.

  c. Whether the class is entitled to a class-wide injunctive and/or equitable relief barring Defendants from asserting or attempting to enforce the arbitration provision contained in Attachment A;

  d. Whether the class is entitled to class-wide declaratory relief reforming the UVSC to delete the violative provisions therein;

  e. Whether the class is entitled to a class-wide injunction barring Defendants from offering to customers a UVSC which requires payments by consumers of their attorneys fees and costs if they are a prevailing party under consumer protection statutes;

  f. Whether Defendant violated the New Jersey Consumer Fraud Act and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act by misrepresenting that the contract requires class members to submit any dispute with Defendants to arbitration; and

  g. Whether Defendants violated the New Jersey Consumer Fraud Act and New Jersey Truth-in-Consumer Contract, Warranty and Notice Act by requiring that any dispute must take place in Orange County CA before three arbitrators pursuant to unknown rules and/or procedures.

31. Plaintiff, Tijuana Johnson, is a member of the class she seeks to represent and her claim is not only typical of all class members, it is identical. Plaintiff's claim arises from the same factual and legal basis as those of the class. Plaintiff has no interest antagonistic to, or in conflict with the class. Plaintiff will thoroughly and adequately

protect the interest of the class, having retained qualified and competent legal counsel to represent them and the class.

32. Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

33. The prosecution of separate actions by individual class members will create a risk of inconsistent or varying adjudications.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. Defendants' conduct and form contracts are designed to unconscionably deter Plaintiffs and members of the class from litigating disputes with the Defendants

## COUNT ONE

## (CONSUMER FRAUD)

36. Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

37. The aforesaid misrepresentations, predatory, deceptive, and unconscionable sales practices of defendants constitute violations of the New Jersey Consumer Fraud Act.

38. The acts and practices of Defendants, as set forth above, have directly, foreseeably, and proximately caused ascertainable damages and injury to Plaintiff and members of the Subclass in amounts yet to be determined.

39. The actions of Defendants constitute acts, uses, or employment by Defendants of unconscionable commercial practices, misrepresentations, or the knowing concealment, suppression or omission of material facts with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of merchandise, by Defendants in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*

40. As a result of Defendants' unlawful acts or practices, Plaintiff and the members of the Subclass have been injured in amounts to be proven at trial, and Defendants should be ordered to pay, as damages to Plaintiff and the members of the Subclass, the , such costs trebled pursuant to the terms of the New Jersey Consumer Fraud Act, and Defendants should be enjoined from continuing to violate the law hereafter, as well as the other relief set forth below.

## COUNT TWO
### (TRUTH IN CONSUMER CONTRACT, WARRANTY AND NOTICE ACT)

41. Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

42. The contract, that Defendants relies upon, presented to, displayed to, offered to and required plaintiffs to sign violated clearly established legal rights of Plaintiff and the Class.

43. As a result of the aforesaid violation, Defendant has violated the New Jersey Consumer Contract, Warranty and Notice Act, NJS 56:12-13 *et seq.*

44. As a result of Defendant's violations, Plaintiff and the Class are aggrieved consumers and have been damaged.

45. Pursuant to N.J.S.A. 56:12-17, Defendants are liable to Plaintiff and each class member for a minimum statutory penalty of $100.00 per class member, as well as any actual damages and attorney's fees and costs.

## COUNT THREE

### (PLAIN LANGUAGE ACT)

46. Plaintiff repeats all preceding paragraphs as though fully set forth herein.

47. As set forth herein, Defendants' conduct has violated the New Jersey Plain Language Act.

48. As a result of defendants' violations, Plaintiff and the Class have been damaged.

## COUNT FOUR

### Declaratory/Injunctive Relief

49. Plaintiff repeats all preceding paragraphs as though fully set forth herein.

50. Plaintiff and the Class are entitled to a declaratory judgment and/or injunctive relief in the form of an Order:

   a. Declaring that Defendants are estopped from requiring Plaintiff and class members to arbitrate disputes.

   b. Declaring that Defendants are estopped from requiring Plaintiff and class members to pay their own fees and costs in the event of

an award in favor of Plaintiff or a member of the Class under fee-shifting consumer protection statutes.

c. Declaring that Defendants are estopped from requiring Plaintiff or class members to sign a UVSC requiring that the arbitration take place in Orange County CA before three arbitrators pursuant to unknown rules and/or procedures.

d. Prohibiting Defendants from displaying, giving, offering or issuing contracts containing statutory violations in the manner described herein.

e. Requiring Defendants to provide notice to all class members that the aforesaid clauses contained in the contracts issued to the Class members are void and unenforceable and that Class members who signed such forms may still sue Defendants in a court and recover statutory attorneys fees and costs for violations of consumer protection statutes.

f. Requiring Defendants to provide notice to all Class members who may have arbitrated disputes with Defendants pursuant to the arbitration provision that such class members may rescind the arbitration award and sue Defendants in a court and recover statutory attorneys fees and costs for violations of consumer protection statutes.

WHEREFORE, Plaintiff, Tijuana Johnson, on behalf of herself and others similarly situated, demands judgment for plaintiff and members of the class against the defendants for:

a. Certify this matter as a class action pursuant to Rule 4:32;

b. Enter an Order for the injunctive, declaratory and/or equitable relief described herein;

c. Civil penalties, attorneys fees and costs of suit;

d. Reformation of the UVSC to sever the violative provisions therein;

e. Enter judgment in favor of the Plaintiff and each class member for damages suffered as a result of the conduct alleged herein, to include treble damages, statutory penalties, interest and prejudgment interests;

f. all other relief which the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Michael A. Galpern, Esq is hereby designated as trial attorney in the above matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1 and N.J.S.A. 56:8-1 et. seq.

1. I hereby certify that to my knowledge the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2. To my knowledge, no other action or arbitration procedure is contemplated.

3. I have no knowledge at this time of the names of any other parties who should be joined in this action.

4. I have forwarded a copy of this Complaint to the Attorney General of the State of New Jersey and Camden County and Burlington County Office of Consumer Affairs pursuant to N.J.S. 56:8-1 *et seq*.

Attorney for Plaintiffs

Date: 11/15/11

BY _____
Michael A. Galpern, Esquire
Andrew P. Bell, Esquire
Karl F. Friedrichs, Esquire

```
CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN          NJ 08103
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 379-2200
COURT HOURS

                        DATE:   NOVEMBER 16, 2011
                        RE:     JOHNSON VS WYNNS EXTENDED CARE INC
                        DOCKET: CAM L -005698 11

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON STEPHEN M. HOLDEN

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     102
AT:  (856) 379-2200 EXT 3070.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                   ATT: MICHAEL A. GALPERN
                                   LOCKS LAW FIRM LLC
                                   457 HADDONFIELD ROAD
                                   SUITE 500
                                   CHERRY HILL     NJ 08002
JUAXT5
```