## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### (*Camden Vicinage*)

TIJUANA JOHNSON, on behalf of herself      Case No. 1:12-cv-00079- RMB-KMW
and other persons similarly situated

                    Plaintiff,

v.                                          Class Action

WYNN'S EXTENDED CARE, INC.
                                           **RETURN DATE: August 15, 2016**
                    Defendant.


**BRIEF OF DEFENDANT, WYNNS' EXTENDED CARE, INC. FOR A PROTECTIVE ORDER TO STAY DISCOVERY PURSUANT TO Fed.R.Civ.P. 26(C)**

_____


On the Brief:  Kevin M. McKeon, Esq.

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................................ 1

II.  FACTUAL BACKGROUND ...................................................................................... 2

III. PROCEDURAL HISTORY ........................................................................................ 2

IV. LEGAL ARGUMENT ................................................................................................ 5

    A.   THERE IS GOOD CAUSE TO STAY ADDITIONAL DISCOVERY IN THIS CASE PENDING THIS COURT'S RESOLUTION OF WYNN'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND PLAINTIFF WOULD SUFFER NO PREJUDICE AS A RESULT OF A STAY ............................................................................................ 5

        1.   Plaintiff's Sole Remaining TCCWNA Claim, Based on Allegations That (A) Wynn's Is a Seller under TCCWNA Through the Acts of Its Purported Agent Smitty's and (B) That the UVSC Violated Her Rights under a Non-Existent CFA Claim, Is Unmeritorious. ........................................................................................... 6

        2.   Additional Discovery Is Unnecessary at This Time, and Would Be Overly Costly and Burdensome. ............................................................................................ 7

        3.   A Stay Will Not Unfairly Prejudice Plaintiff. .................................................. 8

V.   CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITIES

## Federal Cases

Commonwealth Ins. Co. v. Underwriters, Inc., 846 F. 196, 199 (3rd Cir. 1988) ............................ 5

Hollins v. United States Tennis Association, 469 F. Supp. 2d 67 (E.D.N.Y. 2006) .................. 5, 6

Johnson v. Wynn's Extended Care, Inc., Case No. 15-1343 (3d Cir. January 6, 2016) ................ 1

Konopca v. Comcast Corp., 2016 U.S. Dist. LEXIS 55274 (D.N.J. Apr. 26, 2016)..................... 6

Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163 (1936) ...................................................... 5

Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689 (M.D.Fl. 2003), aff'd, 87 Fed. Appx. 713
   (11th Cir. 2003), cert. den., 2004 U.S. LEXIS 3513 (U.S., May 17, 2004) ................................ 6

Ogbin v. GE Money Bank, et al., No. 10-5651, 2011 WL 2436651 (D.N.J. June 13, 2011)......... 3

United States of America v. County of Nassau, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999) ...... 5, 7

## Federal Statutes

Class Action Fairness Act, 28 U.S.C. §1332(d) ............................................................................ 2

## State Statutes

New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. .................................................. 2, 3, 4, 6

New Jersey Truth in Consumer Contract Warranty and Notice Act ("TCCWNA"), N.J.S.A.
   §56:12-14, et. seq. .................................................................................................................. passim

## Federal Rules

F.R.C.P. 12(b)(6) ............................................................................................................................ 2

Fed. R. Civ. P. 12(c) ................................................................................................................. 1, 4, 6, 8

Fed. R. Civ. P. 26(c) ................................................................................................................. 1, 4, 5

## I.   INTRODUCTION

Defendant, Wynn's Extended Care, Inc. ("Wynn's") moves this Honorable Court pursuant to Fed. R. Civ. P. 26(c) for a Protective Order to Stay Discovery, pending this Court's decision on Wynn's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) filed on July 6, 2016 ("Motion for Judgment").  This matter is substantially limited as a result of prior decisions of this Court and the opinion of the U.S. Court of Appeals for the Third Circuit ("Third Circuit") dated January 6, 2016.  The only issue remaining is whether Wynn's can be liable to Johnson on the basis that the arbitration provision in the Wynn's Plus Used Vehicle Service Contract ("UVSC") that Plaintiff Tijuana Johnson ("Plaintiff" or "Johnson") purchased from Smitty's Auto ("Smitty's"), an independent dealership from whom she also purchased a used 2007 Saturn automobile (the "Vehicle"), violates the New Jersey Truth in Consumer Contract Warranty and Notice Act, N.J.S.A. §56:12-14, et. seq.  ("TCCWNA").

Plaintiff specifically alleges that the UVSC's arbitration provision runs afoul of Johnson's clearly established legal rights under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et. seq. ("CFA"), in the absence of actually having a CFA claim, and avers that Wynn's is liable to Johnson under TCCWNA for any such violations as a principal through the acts of its alleged agent, Smitty's.  See Johnson v. Wynn's Extended Care, Inc., Case No. 15-1343 (3d Cir. January 6, 2016).[1]  [Doc. Nos. 63 and 63-2.]  Following remand from the Third Circuit, the parties have exchanged discovery requests and responses.  Wynn's responded to Plaintiff's First Set of Interrogatories, First Request for Admissions and First Request for Production of Documents.  Likewise, Plaintiff responded to Wynn's discovery requests (albeit in an untimely fashion).

---

[1] In her opinion dismissing Plaintiff's TCCWNA claims in this matter, The Honorable Renee Marie Bumb questioned whether or not Wynn's could be held to be a "seller" under TCCWNA.  [Doc. No. 46, pp. 20-21.]  That case dispositive issue is now before this Court to determine.  The Motion for Judgment seeks dismissal of this case in part due to case law on point from this district that clearly supports finding that Wynn's is not a "seller" under TCCWNA.

Further, additional discovery while the case dispositive Motion for Judgment is pending would be unduly costly, burdensome and unnecessary. There is thus good cause to stay discovery, and Plaintiff would not be prejudiced from such a stay. Accordingly, Wynn's now files the instant Motion for Protective Order to Stay Discovery.

## II.    FACTUAL BACKGROUND

On February 12, 2011, Plaintiff purchased the UVSC from Smitty's, at the same time that she purchased the Vehicle from Smitty's. See Plaintiff's SAC at ¶¶16-17. [Doc. No. 28.] In or about May 2011, the Vehicle experienced an engine failure as diagnosed by Exclusive Auto, a repair facility, for which Plaintiff sought coverage from Wynn's under the UVSC, but which Wynn's denied on grounds that the Vehicle's engine still had coverage under its manufacturer's warranty.[2] See Plaintiff's SAC at ¶¶22-28. Plaintiff then contacted the Vehicle's manufacturer, General Motors, to seek coverage and repair of the engine, but General Motors denied her request stating that she had voided the manufacturer's warranty by having had Exclusive Auto take the engine apart. See Plaintiff's SAC at ¶30. Plaintiff thereafter again sought coverage from Wynn's, which Wynn's paid in or about December of 2011 upon completion of the Vehicle's engine repair. See Plaintiff's SAC at ¶¶32, 39; Opinion dated October 15, 2014, at p.5 fn.2. [Doc. No. 46.]

The UVSC contains an arbitration provision which provides, *inter alia*: "**Costs**. Each party shall pay the fees of its own attorneys, the expenses of its witnesses, and any other expenses connected with the presentation of its case. The parties shall share equally the cost of arbitration and the fees discharged by the arbitrators." See Certification of Counsel, Exhibit "A".

## III.   PROCEDURAL HISTORY

---

[2] The UVSC excludes from coverage "any cost which would be normally covered by a Vehicle Manufacturer's warranty . . . whether or not such warranty is in force respecting Your Vehicle". See UVSC, Exclusions A.8, attached as Exhibit "A" to the SAC.

On November 25, 2011, Plaintiff filed a Complaint against Defendants, Wynn's and National Casualty Company ("National"),[3] in New Jersey State Court. The State Court action was removed to this Court based upon the Class Action Fairness Act, 28 U.S.C. §1332(d). [Doc. No. 1.] Defendants' filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 6.] Plaintiff filed her First Amended Complaint on February 3, 2012 ("FAC"). [Doc. No. 9.] On March 2, 2012, Defendants filed a Motion to Dismiss the FAC again pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 13.] On November 20, 2012, this Court issued an order and opinion granting in part and denying in part Defendants' said motion to dismiss. [Doc. Nos. 25, 26.] On December 19, 2012, Plaintiff filed a Second Amended Complaint ("SAC") on behalf of herself and all members of a putative class, alleging violations of the CFA and TCCWNA. [Doc. No. 28.] See Certification of Counsel, Exhibit "B". On January 18, 2013, Defendants filed a Motion to Dismiss the SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 29.]

This Court issued orders and an opinion denying Defendants' Motion to Dismiss the CFA claim, but granted the motion with respect to the TCCWNA claim. [Doc. Nos. 46-48.] See Certification of Counsel, Exhibit "C". In that opinion, Judge Bumb questioned whether Wynn's could be a "seller" under TCCWNA. Judge Bumb opined: "The parties have not addressed whether Defendant Wynn meets the definition of "seller, lessor, creditor, lender or bailee," and there appears to be good reason to find that Defendant does not meet such definition, see, e.g., Ogbin v. GE Money Bank, et al., No. 10-5651, 2011 WL 2436651, at *4(D.N.J. June 13, 2011)." Id. at p. 21. Judge Bumb questioned whether Wynn's was a "seller" pursuant to the TCCWNA because, "The Service Contract was entered into by Smitty's Auto, referred to as the 'Selling

---

[3] Plaintiff has since dismissed National from this case.

3

Dealer' and Plaintiff… Smitty's Auto, however, is not a named defendant. The Service Contract provides that once the application is accepted, if at all, by Defendant Wynn, it becomes a contract." Id. (Internal footnote omitted.)

On November 12, 2014, Defendants filed an Answer to the SAC. [Doc. No. 51.] Subsequent to Judge Bumb's opinion and order, on December 19, 2014, the parties stipulated to the dismissal of Plaintiff's remaining CFA claim, with prejudice. [Doc. No. 58.] The Court entered final judgment thereupon. [Doc. No. 59.] Plaintiff then appealed this Court's dismissal of her TCCWNA claims. [Doc. No. 60.] The Third Circuit limited its review to "one question: Whether the provision waiving attorneys' fees in Wynn's service contract violated the New Jersey Truth in Consumer Contract and Warranty Notice Act ('TCCWNA')." Case No. 15-1343, p. 2. [Doc. No. 63-2]; see Certification of Counsel, Exhibit "D".  "Drawing all reasonable inferences in favor of the plaintiff," the Third Circuit found that plaintiff had plead a potential TCCWNA violation on the basis that the UVSC's arbitration provision purported to waive attorney's fees and split costs, and remanded solely as to that limited basis. Id.

Thereafter, Plaintiff served Wynn's with various discovery requests. Wynn's responded to those discovery requests on June 8, 2016. See Certification of Counsel, Exhibit "E". Wynn's issued its own discovery requests to Plaintiff, to which Plaintiff ultimately responded  on July 1, 2016.

On July 1, 2016, Wynn's filed the Motion for Judgment, based upon Wynn's assertion that it is not a "seller" under TCCWNA and that the dismissal of the CFA claim precludes a TCCWNA claim as a "stand-alone" claim under New Jersey law. [Doc. No. 78.] Wynn's refiled the Motion for Judgment July 6, 2016 on the basis that two pages of the initial filing were

missing.  [Doc. No. 79.]  Wynn's now files the instant Motion to stay further discovery pending

this Court's resolution of the case dispositive Motion for Judgment.

## IV.   LEGAL ARGUMENT

### A.   THERE IS GOOD CAUSE TO STAY ADDITIONAL DISCOVERY IN THIS CASE PENDING THIS COURT'S RESOLUTION OF WYNN'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND PLAINTIFF WOULD SUFFER NO PREJUDICE AS A RESULT OF A STAY.

Pursuant to Fed. R. Civ. P. 26(c), "A district court may stay discovery during the

pendency of a motion to dismiss for 'good cause' shown." Hollins v. United States Tennis

Association, 469 F. Supp. 2d 67 (E.D.N.Y. 2006) (citations omitted); United States of America

v. County of Nassau, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999) .  "[T]he power to stay

proceedings is incidental to the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163 (1936).  *See also,* Commonwealth Ins.

Co. v. Underwriters, Inc., 846 F. 196, 199 (3rd Cir. 1988).   While the mere filing of a motion to

dismiss or other dispositive motion does not constitute "good cause" to issue a stay, courts may

nonetheless determine that good cause exists to stay discovery based upon several factors.

Hollins, 469 F. Supp. 2d at 78.  Courts consider the following factors in determining whether a

stay is appropriate: (1) Whether the defendant has made a strong showing that the plaintiff's

claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3)

the risk of unfair prejudice to the party opposing the stay.  Hollins, 469 F. Supp. 2d at 78.  See

also, Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689 (M.D.Fl. 2003), aff'd, 87 Fed. Appx.

713 (11th Cir. 2003), cert. den., 2004 U.S. LEXIS 3513 (U.S., May 17, 2004).

Additionally, "courts may also take into consideration the nature and complexity of the

action, whether some or all of the defendants have joined in the request for a stay and the posture

or stage of the litigation." <u>Hollins</u>, 469 F. Supp. 2d at 78. (citations omitted). "In considering whether a stay is appropriate, the Court examines whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." <u>Konopca v. Comcast Corp.</u>, 2016 U.S. Dist. LEXIS 55274, at *3 (D.N.J. Apr. 26, 2016).

> **1.    Plaintiff's Sole Remaining TCCWNA Claim, Based on Allegations That (A) Wynn's Is a Seller under TCCWNA Through the Acts of Its Purported Agent Smitty's and (B) That the UVSC Violated Her Rights under a Non-Existent CFA Claim, Is Unmeritorious.**

Wynn's has made a strong showing that Plaintiff's remaining TCCWNA claim is unmeritorious. Judge Bumb substantially questioned whether Wynn's was a "seller" under TCCWNA in her October 15, 2014 opinion. Whether Wynn's is a "seller" under TCCWNA was neither decided by the Third Circuit nor addressed in its opinion remanding this case as to a very limited basis. Wynn's has now moved precisely on Judge Bumb's suggestion that Wynn's is not a "seller" under TCCWNA. In addition to the case law Judge Bumb had provided in her opinion, Wynn's supplied this Court with substantial authority for the proposition that Wynn's is not a "seller" under TCCWNA, and, therefore, even construing the pleadings in a light most favorable to Johnson, she cannot recover against Wynn's under TCCWNA. [Doc. Nos. 78 and 79.]

Subsequent to Judge Bumb's October 15, 2014 opinion dismissing the TCCWNA claim, the CFA claim was dismissed with prejudice. Accordingly, Wynn's Motion for Judgment is also filed on the basis that under this Court's precedent, without a separate CFA claim or other claim upon which Plaintiff claims Wynn's is liable under TCCWNA, Johnson's TCCWNA claim must be dismissed. That is, her TCCWNA claim cannot be a "stand-alone" claim without any underlying legal claim supporting a theory that her "clearly established legal rights" were

violated. [Doc. Nos. 78 and 79.] Wynn's has supported the foregoing arguments with significant and compelling case law. Id.

The Motion for Judgment is based strictly on legal issues, not questions of fact or the sufficiency of the pleadings, and, if successful, will dispose of the entire case. As such, there is certainly judicial economy in awaiting the outcome of the Motion for Judgment prior to further litigation before this Court.

**2.    Additional Discovery Is Unnecessary at This Time, and Would Be Overly Costly and Burdensome.**

Additional discovery beyond the discovery already exchanged is well beyond the limited scope of the remaining claim in this matter. As a result of Judge Bumb's prior orders and opinions, and the Third Circuit's opinion, this putative class action claim is based upon an allegation that the UVSC's arbitration provision violates TCCWNA on the purported basis that Plaintiff is required to pay all counsel fees and split all costs in contravention of the CFA, in the event that she prevails on her non-existent CFA claim. A plain review of Plaintiff's discovery requests to Wynn's reveals that such discovery is well beyond the scope of this limited issue.

Johnson's blatant overreaching notwithstanding, Wynn's has responded to such discovery, and produced a voluminous number of documents. There is an inequity in undertaking further, costly discovery – to both parties – including conducting depositions, where there is a strong likelihood that the entire case will be dismissed. Wynn's is located in Florida, which may require depositions in Florida. Plaintiff is also asserting a claim based upon a purported class that allegedly numbers in the thousands, and thus class-wide discovery, including depositions, will be very costly. Compare, Nankivil, supra., (discovery stayed during pending motion to dismiss based on statute of limitations where motion is "truly case dispositive"), United States of America v. County of Nassau, supra., (discovery stayed during pending motion

7

to dismiss where the issue raised in the motion "is strictly one of law and does not involve issues relating to the 'sufficiency' of the allegations), and <u>Hollins</u>, <u>supra.</u>, (discovery not stayed where "discovery . . . is inevitable regardless of the outcome of the[ir] motion to dismiss.")

### 3.    A Stay Will Not Unfairly Prejudice Plaintiff.

The underlying claim upon which Plaintiff's TCCWNA claim is based, that a claim for reimbursement for engine failure under the UVSC was improperly denied, was in fact paid in or about December of 2011.  In addition, no party sought to enforce the UVSC's arbitration provision, which is the basis for the remaining TCCWNA claim.  The only issue now pending before this Court is Plaintiff's claim that Wynn's violated TCCWNA (through the acts of its purported agent, Smitty's), under the sole remaining theory that Wynn's violated her clearly established legal rights under the CFA because Smitty's offered and sold her the UVSC which contains an arbitration clause that allegedly runs afoul of the CFA's prohibition on fee-shifting in consumer contracts (without having an actual CFA claim).  There can be no prejudice to Plaintiff where her engine claim was paid, there was no request to arbitrate any claims in this lawsuit and there is no discovery required as to her non-existent CFA claim.  Plaintiff has been provided with ample discovery at this time in light of the fact her remaining claim as plead, in essence, is based on a "clearly abstract legal right" rather than a clearly established one.  Judicial economy demands that this Court resolve the case dispositive Motion for Judgment before permitting any further costly discovery and economy demands that this Court resolve the case dispositive motion.

## V.    CONCLUSION

The Motion for Judgment provides substantial authority for the proposition that the TCCWNA claim does not apply to Wynn's and that the TCCWNA claim must be dismissed as it cannot be a "stand-alone" claim.  Accordingly, on the basis that there is a strong likelihood of

8

success on such motion and that prohibiting additional discovery at this time would not unfairly prejudice Plaintiff, further discovery should be stayed until this Court renders its decision on the Motion for Judgment.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: /s/ Kevin M. McKeon
        KEVIN M. MCKEON, ESQUIRE
        Attorneys for Defendant,
        Wynn's Extended Care Inc.

Dated:  July 12, 2016