## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **TIJUANA JOHNSON,**  on behalf of herself and other persons similarly situated, | : | |
| | : | |
| | : | |
| Plaintiff, | : | **Case No. 1:12-cv-00079-RMB-KMW** |
| | : | |
| v. | : | |
| | : | |
| **WYNN'S EXTENDED CARE, INC.; NATIONAL CASUALTY COMPANY** | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO F.R.C.P. 12(c)

---

Michael A. Galpern
Andrew P. Bell
James A. Barry
**LOCKS LAW FIRM, LLC**
801 Kings Hwy. N.
Cherry Hill, NJ 08034
(856) 663-8200

**LAW OFFICES OF CHARLES N. RILEY, LLC**
Charles N. Riley, Esquire
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666

*Attorneys for Plaintiff Tijuana Johnson*

Plaintiff Tijuana Johnson ("Plaintiff" or "Johnson") submits this Memorandum of Law in opposition to Defendant Wynn's Extended Care, Inc.'s motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  D.E. 78.

## INTRODUCTION

Defendant Wynn's Extended Care, Inc. ("Wynn's") attempts to reargue before this court the Third Circuit's holding that "[d]rawing all reasonable inferences in favor of the plaintiff, we conclude that the service contract's provision waiving attorney's fees and splitting costs violated a clearly established legal right under New Jersey law."  *See* Opinion of the Third Circuit, attached to Bell Cert., Ex. A at 4. Wynn's claim that it is entitled to judgment on the pleadings at this stage because the Plaintiff's claim under the New Jersey Consumer Fraud Act ("CFA") was voluntarily dismissed with prejudice is without merit and specious because the Third Circuit's decision reversed the judgment in this case, which was entered after the CFA case had been dismissed, and even more importantly, the Third Circuit, in framing the legal issue before it, specifically acknowledged that "[t]he parties then stipulated to the dismissal of all claims under the Consumer Fraud Act with prejudice."  *Id.* at 2.  In addition, the Third Circuit cited not only the fee-shifting provisions of the CFA, but also the fee-shifting provisions of the TCCWNA itself and the TCCWNA provision preventing waiver of such fees.  Appeal Order at 4-5.  Thus, the Third Circuit's holding that "Johnson's TCCWNA claim is therefore sufficient to survive a motion to dismiss" was made in the context of an already dismissed CFA claim and based upon two fee-shifting provisions.  Accordingly, Wynn's motion for judgment on the

pleadings, which is, as Defendant admits, subject to "the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)", without merit and should be denied.

Even addressing the standard anew, as Defendant seeks to have this Court do, "the language of the [CFA] itself, **not a violation of the [CFA]**, creates a right to recover attorneys' fees and costs. Thus, Plaintiffs need not prove a violation of the NJCFA in order to recover under the [TCCWNA]." *Mullin v. Auto. Prot. Corp.*, Case No. 07-2237, 2008 U.S. Dist. LEXIS 87577, at *11 (D.N.J. Sept. 29, 2008) (Emphasis added). There are no requirements that there be an underlying, additional cause of action to sustain a TCCWNA claim, especially with regard to fee-shifting under the CFA, where "a consumer-fraud plaintiff can recover reasonable attorneys' fees, filing fees, and costs if that plaintiff can prove that the defendant committed an unlawful practice, even if the victim cannot show any ascertainable loss and thus cannot consider treble damages." *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 647 A.2d 454, 465 (1994).

Similarly, Defendant also argues that Plaintiff's TCCWNA claim should fail because Wynn is not a "seller" under the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act. N.J.S.A. 56:12-14, *et seq.* ("TCCWNA"). However, this argument was also raised before the Court of Appeals (*See* Excerpts from Wynn's Appellee Brief, attached to Bell Cert as Ex. B, at pp. 47-48) ("it does not appear that Wynn's meets the definition of "seller, lessor, creditor, lender or bailee" under the TCCWNA."). The Third Circuit rejected this argument in that it held that Plaintiff had pled a plausible cause of action under the TCCWNA because the Wynn contract violated the fee-shifting provisions of the CFA, and therefore, Wynn's is not entitled to judgment on the pleadings and its motion should be denied.

Moreover, even if the Third Circuit holding was to be reargued, case precedent and policy demonstrate that a principal, like Wynn, can be a "seller" under TCCWNA and held liable for the acts of its agents.   Accordingly, Defendant's motion for judgment on the pleadings should be denied in its entirety.

## PROCEDURAL BACKGROUND

On November 15, 2011, Plaintiff filed this class action in state court against Wynn and National Casualty Company ("National Casualty") (all collectively, the "Defendants") alleging, *inter alia*, that Defendants' offered Plaintiff a Used Vehicle Services Contract ("Services Contract"), which violated the New Jersey Truth in Consumer Contract Warranty and Notice Act ("TCCWNA"), N.J.S.A. § 56:12-14 – 18, and that Defendants' warranty claims practices violated the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1, *et seq.*  Jurisdiction of the District Court was based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On January 5, 2012, Defendants removed this action to the district court, and moved to dismiss Plaintiff's complaint.  (D.E. 1)

In an Order and Opinion dated November 20, 2012 (D.E. 25 & 26), this Court denied Defendants' motion to dismiss Plaintiff's TCCWNA claims in the First Amended Complaint, and but granted the motion to dismiss Plaintiff's other claims, together with leave to file an amended complaint.  Plaintiff filed a Second Amended Complaint.  D.E. 28.  In an Opinion and Orders dated October 15, 2014 (D.E. 46-48), this Court granted Defendants' motion to dismiss Plaintiff's TCCWNA claims in the Second Amended Complaint, but denied Defendants' motion to dismiss Plaintiff's CFA claims.  On January 5, 2015, the district court entered an order, upon the agreement of the parties,

dismissing the remaining CFA claims with prejudice, and ordering that the Clerk "close the matter." (D.E. 159). This January 15, 2015 order was a final order.

On February 3, 2015, Plaintiff appealed the judgment to the Court of Appeals for the Third Circuit. (D.E. 60). On December 15, 2015, the Court of Appeals reversed in part and affirmed in part, holding that the Wynn contract's "provision waiving attorney's fees and splitting costs violates a clearly established legal right under New Jersey law" and that Plaintiff pled a sufficient cause of action for violation of the TCCWNA. (D.E. 62, at 4-5).

Defendant has now filed the instant motion for judgment on the pleadings, which essentially seeks to reargue the Third Circuit decision.

### STATEMENT OF FACTS

On February 12, 2011, Plaintiff, Tijuana Johnson purchased a used 2007 Saturn from an auto dealer. *See* Second Amended Complaint, D.E. 28, attached to Bell Cert. as Ex. C, ¶16. Wynn's, through the auto dealer acting as its agent, "offered, gave and/or displayed" and "entered into" a "**WYNN'S PLUS**<sup>SM</sup> **USED VEHICLE SERVICE CONTRACT/APPLICATION**" ("Wynn Contract") to and with Ms. Johnson for the 2007 Saturn she purchased. *Id*. ¶¶17, 19; Wynn Contract (D.E. 29-3), attached to the Bell Cert. as Ex. D. Plaintiff selected and paid $1,380.00 for "Wynn's Plus Deluxe Coverage" under the Wynn Contract. *Id*. ¶21; Bell Cert., Ex. D.

In May 2011, the Ms. Johnson's Saturn stopped operating, and at the direction of Defendants' agent/auto dealer, the car was taken to an auto repair shop for evaluation. Second Amd. Compl. Bell Cert., Ex. C, ¶¶22-24. The shop determined that Ms. Johnson needed a new engine, a "covered part" under the Wynn Contract, so she requested that

Wynn repair the engine.  *Id.* ¶¶25-26.  Wynn refused to authorize the repair, telling

Johnson that the vehicle was covered under the original manufacturer's warranty.  *Id.*

¶27.  After she requested the manufacturer repair it, the manufacturer denied coverage

under its warranty because Wynn's auto shop had already dismantled the engine.  *Id.* ¶28-

29.  Ms. Johnson then went back to Wynn to demand coverage and repair, but Wynn

refused to pay.  *Id.* ¶¶30-31.  Only after Ms. Johns was denied use of her vehicle for six

months and after she filed the initial complaint in state court, did Wynn finally agree to

repair her car in December 2011.  *Id.* ¶¶32-34.

Since at least February 12, 2005, Defendant has entered into over 10,000 Wynn

Contracts with New Jersey consumers, marketing and offering them through a network of

at least 110 New Jersey Auto dealers.  *Id.* ¶¶11-13.

The Wynn Contract provides, in relevant part, as follows:

Arbitration

Any dispute arising out of or relating to this **Contract** shall be settled by final and
binding arbitration.

           * * *

- Costs. Each party shall pay the fees of its own attorneys, the expenses of
  its witnesses, and all other expenses connected with the presentation of its
  case. The parties shall share equally the cost of arbitration and the fees
  charged by the arbitrators.

Bell Cert., Ex. D (Emphasis in original).

## ARGUMENT

### I.      STANDARD OF REVIEW

In analyzing a motion for judgment on the pleadings made pursuant to Fed. R.

Civ. P. 12(c), a court applies the same legal standards as applicable to a motion filed

pursuant to Fed. R. Civ. P. 12(b)(6). *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). The Third Circuit has instructed district courts to conduct a two-part analysis in deciding a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a district court must accept all of the complaint's facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *Id.* at 211. However, the courts do not impose a probability requirement at the pleading stage, but simply call for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The burden of demonstrating that no claim has been presented in the pleadings rests fully with the defendant. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In this case, Wynn's failed to meet it burden demonstrating that no claim has been presented by Plaintiff Johnson. Viewing the allegations asserted in the Complaint as true and in a light most favorable to Johnson, a sufficient set of facts exists to raise a

6

reasonable expectation that discovery will reveal evidence of the necessary elements to establish entitlement to relief afforded by the TCCWNA. Therefore, Johnson's Complaint successfully pleaded a cause of action under the TCCWNA, and Wynn's motion for judgment on the pleadings should be denied in its entirety.

## II. THE TRUTH IN CONSUMER CONTRACT, WARRANTY AND NOTICE ACT (THE "TCCWNA")

### A. The TCCWNA's Provisions

The TCCWNA provides in relevant part as follows:

> No seller … shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display an written consumer warranty, … which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller … as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty … is given or displayed.

N.J.S.A. § 56:12-15.

A person who violates the TCCWNA "shall be liable for a civil penalty or not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." N.J.S.A. § 56:12-17.

The New Jersey legislature provided that the rights protected by the TCCWNA cannot be waived in a consumer contract:

> No consumer contract, warranty … as provided for in this act, shall contain any provision by which the consumer waives his rights under this act. Any such provision shall be null and void.

N.J.S.A. § 56:12-16.

The TCCWNA provided its protections were in addition to other protections provided by New Jersey consumer protection statutes, such as the CFA:

7

> The rights, remedies and prohibitions accorded by the provisions of this act are hereby declared to be in addition to and cumulative of any other right, remedy or prohibition accorded by common law, Federal law of statutes of this State, and nothing contained herein shall be construed to deny, abrogate or impair any such common law or statutory right, remedy or prohibition.

N.J.S.A. § 56:12-18; *see also Manahawkin Convalescent v. O'Neill*, 217 N.J. 99, 125, 85 A.3d 947 (2014).

### B. The TCCWNA's Purpose Is to Prevent Illegal Provisions in Consumer Contracts

In enacting the TCCWNA in 1980, the New Jersey legislature was reacting to a growing problem in the consumer marketplace of businesses including provisions in consumer contracts as a means to discourage and minimize any challenges to the business' conduct when performing the contract:

> Far too many consumer contracts, warranties, notices and signs contain provisions which clearly violate the rights of consumers. Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract, warranty, notice or sign deceives a consumer into thinking that they are enforceable and for this reason the consumer often fails to enforce his rights.
>
> Examples of such provisions are those that deceptively claim that a seller or lessor is not responsible for any damages caused to a consumer, even when such damages are the result of the seller's or lessor's negligence. These provisions provide that the consumer assumes all risks and responsibilities, and even agrees to defend, indemnify and hold harmless the seller from all liability.

*McGarvey v. Penske Auto Grp., Inc.*, 486 F. App'x 276, 280 (3d Cir. 2012) (*citing* Sponsor's Statement, Statement to Assembly Bill No. A1660, 1981 N.J. Laws, Ch. 454, Assembly No. 1660, at 2-3) (set forth at A349).

8

Accordingly, the TCCWNA's purpose is to *prevent* the use of such illegal provisions in consumer contracts:

> The New Jersey legislature enacted TCCWNA in 1981 "to prevent deceptive practices in consumer contracts by prohibiting the use of illegal terms or warranties in consumer contracts." *Kent Motor Cars, Inc. v. Reynolds & Reynolds Co.*, 207 N.J. 428, 25 A.3d 1027, 1044 (N.J. 2011).

*Watkins v. DineEquity, Inc.*, No. 13-1359, 591 Fed Appx. 132, 134, 2014 U.S. App. LEXIS 21273 (3d Dep't Nov. 7, 2014).

In order to prevent the inclusions of such illegal provisions in consumer contracts, the legislature mandated that liability under the TCCWNA arise whenever a seller *presents* a consumer with a covered writing that "contains terms contrary to any established state or federal right of the consumer." *Shelton v. Restaurant.com*, 214 N.J. 419, 70 A.3d 544, 558 (N.J. 2013) (emphasis added); *see also Bosland v. Warnock Dodge, Inc.*, 396 N.J. Super 267, 278 (App. Div. 2007) ("…the TCCWNA establishes liability whenever a seller *offers* a consumer a contract, the provisions of which violate any legal right of a consumer.") (emphasis added); *Barrows v. Chase Manhattan Mortg. Corp.*, 456 F. Supp. 2d 347, 362 (D.N.J. 2006) (the TCCWNA "can be violated if a contract or [warranty] simply contains a provision prohibited by state or federal law, and it provides a remedy even if a plaintiff has not suffered any actual damages.").

In order to bolster its preventive purpose, the New Jersey legislature also imposed also provided for a civil penalty even if a consumer has suffered no actual damages:

> In passing the NJTCCWNA, the New Jersey Legislature was concerned with contracts … that include illegal provisions intended to "deceive[] a consumer into thinking that they are enforceable" and to result in the consumer failing to enforce his rights. Additionally, "the [TCCWNA]

9

> can be violated if a contract … simply contains a provision prohibited by state or federal law, and it provides a remedy even if the plaintiff has not suffered actual damages."

*Watkins v. DineEquity, Inc.*, Civ. No. 11-7182, 2013 U.S. Dist. LEXIS 12922, at *15-16 (D.N.J. Jan. 30, 2013) (citations omitted).

Moreover, the TCCWNA, like CFA, is a remedial state consumer protection statute "entitled to a broad interpretation to facilitate its stated purpose." *Shelton v. Restaurant.com, Inc.*, 214 N.J. at 442. As the *Shelton* court explained: "[w]e conclude the purpose of the TCCWNA is facially remedial…. The Governor's signing message identified the TCCWNA as a measure to strength the CFA, *see Governor's Statement on Signing Assembly Bill No. 1660, supra,* a statute traditional afforded a liberal construction." *Id.* (citations omitted).

## III.    DEFENDANT WYNN IS A "SELLER" UNDER THE TCCWNA

Defendant Wynn argues that it is not a "seller" under the TCCWNA. Deft. Mem. at 9-11. First, this argument was present and rejected by the Court of Appeals when it held that Plaintiff had properly alleged a cause of action under the TCCWNA for the Wynn Contract's provision, which barred the right to fee-shifting under the CFA. Wynn made this argument to the Court of Appeals, and Plaintiff in her reply addressed that argument at length. The Defendant now essentially seeks to have this Court second-guess the Court of Appeals holding, especially because absolutely nothing has changed in the case since the Court of Appeals decision rejected Defendant argument because it found that Plaintiff's claim was plausible and sufficient and because the standard on a motion for judgment on the pleadings is the same as for a motion to dismiss, namely all inferences in favor of the Plaintiff.

Moreover, even evaluating Plaintiff's TCCWNA claim under the appropriate standard, Defendant's motion for judgment on the pleadings should still fail. Plaintiff alleged that Defendant is a "seller" under the statute, and that Wynn offered or entered into a written consumer contract, or gave or displayed a written consumer warranty to Plaintiff. Plaintiff alleged that "Defendants, through a network of dealers and/or agents, have offered, gave, displayed, and entered into numerous Services Contracts, to and with New Jersey consumers through at least one-hundred ten (110) New Jersey automotive dealerships." Second Amd. Compl., Bell Cert., Ex. C ¶11; *see also id.* ¶14 ("Defendants are subject to the CFA and TCCWNA"); *Id.* ¶17 ("Defendant Wynn, by and/or through its agent, Smitty's Auto, offered, gave and/or displayed a 'Wynn's [Services Contract]'."); *Id.* ¶73 ("Defendants have offered, gave, displayed, and entered into with Plaintiff and members of the Class violated clearly established legal rights of Plaintiff and the Class under the CFA and/or the PLA and/or case law and precedent.").

The Wynn Contract also provides that only after the application has been accepted by Wynn will it be a contract. *See* Bell Cert., Ex. D, first sentence above "CUSTOMER INFORMATION" and fourth bullet point under "DEFINITIONS". Accordingly, Wynn was directly involved to in the selling of the Services Contract – accepting and creating the contract (which the dealer could not do). In addition, Wynn, through its agent, Smitty's Auto, offered and/or displayed the contract to Plaintiff, and thus, the second and third elements of Plaintiff's TCCWNA claim were set forth.

It is respectfully submitted that this court's statement that "there appears to be good reason to find that Defendant [Wynn] does not meet such definition" and its reliance upon *Ogbin v. GE Mooney Bank*, No. 10-5651, 2011 U.S. Dist. LEXIS 64735

(D.N.J. June 13, 2011) was misplaced because in *Ogbin*, the defendant at issue was a debt collector for the company that the Plaintiff alleged was a seller under the TCCWNA and there was no allegation whatsoever that the debt collector defendant was even a "seller" under the TCCWNA.  2011 U.S. Dist. LEXIS 64735, at \*11.  In addition, in *Boyko v. Am. Int'l Group, Inc.*, No. 08-2114, 2009 U.S. Dist. LEXIS 119339 (D.N.J. Dec. 23, 2009), the case relied upon by *Ogbin*, there similarly was no allegation that the defendant at issue was a "seller" under the TCCWNA, and even if there was, the court held that under TCCWNA, "liability does not *extend to agents* of the covered entities."  (Emphasis added).  Here, Plaintiff is not alleging that Wynn's agent, Smitty's Auto, is liable under TCCWNA;  Plaintiff alleges that the principal, Wynn is the "seller" and offered the Services Contract to Plaintiff through its agent, Smitty's Auto, and then Wynn, the principal, completed and created the Wynn Contract once it accepted it pursuant to the provisions of the contract. Thus, Wynn is a "seller" under the TCCWNA.

The fact that Wynn is a "seller" under the TCCWNA and can be held liable for the conduct of its agents is supported by precedent.  *See Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 400 (D.N.J. June 22, 2009).  In *Rickenbach,* this Court held that a principal can be a "seller" and held liable to the acts of its agent, holding: "Defendants Wells and MERS cannot escape liability for conduct of their alleged agent. The Court finds that Plaintiffs have sufficiently alleged that they received "notice" from Wells and MERS through their attorney agent Zucker and so the Court will not dismiss their claim under the Truth-in-Consumer Contract Act."  635 F. Supp. 2d at 400. Defendant's reliance upon the unpublished, uncited decision in *Allen v. LaSalle Bank, N.A*, Civil No. 08-2240, 2012 WL 1898612, \*4 (D.N.J. May 23, 2012), which without

12

analysis held that the reasoning in *Barrows v. Chase Manhattan Mortgage Corp.*, 465 F.

Supp. 2d 347 (D.N.J. 2006) was "persuasive."  However, reading *Barrows*, nowhere will

one find any "reasoning" for a holding that a principal cannot be a seller under

TCCWNA for the acts of its agent.  465 F. Supp. 2d at 362-63.  As such, the unpublished

*Allen* decision is not persuasive.

Moreover, even on policy grounds, Defendant's argument should be rejected.  If a

principal should escape TCCWNA liability merely by appointing an agent to present the

contract (which is a simplistic example, which bears little relationship to the ability of

Wynn in this case to create and approve the contract), then every business in New Jersey

could have an agent present their contracts and thereby avoid any TCCWNA liability

whatsoever.  At the same time, under the *Boyko* and *Ogbin* holdings, the agents of the

principals would also be immune from TCCWNA liability, and accordingly, no consumer

could ever recover for contracts that violate their clearly established rights or the legal

responsibilities of sellers.  Statutes should be read to carry out the Legislature's intent and

to prevent absurdity. *See Hubbard ex rel. Hubbard v. Reed*, 774 A.2d 495, 498 (N.J.

2001).  Accordingly, Defendant's argument should be rejected and its motion denied.

**IV.    AS THE THIRD CIRCUIT HELD, PLAINTIFF'S TCCWNA CLAIM IS SUFFICIENTLY PLEAD, DESPITE THE FACT THAT PLAINTIFF'S CFA CLAIM IS DISMISSED**

Defendant asks this Court to find that Plaintiff's TCCWNA claim "must be based

on a violation of rights under the CFA, independent of TCCWNA … [and] that her

TCCWNA claim is a legal impossibility because there can be no violation of her rights

under the CFA" because her CFA claim is dismissed.  Deft. Mem. at 11-12.  First, this

argument ignores the Court of Appeals holding that found that Plaintiff did have a

13

sufficient cause of action, even though that Court specifically acknowledged that the

Plaintiff's CFA claim had been dismissed with prejudice.

Second, the Court of Appeals based its decision not only on the fee-shifting

provision of the CFA, but also on the fee shifting and non-waiver provisions of the

TCCWNA itself:

> In this case, both the CFA and the TCCWNA mandate the provision of
> attorney's fees and costs for the prevailing party. N.J.S.A. § 56:8-19
> ("In all actions under [the Consumer Fraud Act], . . . the court shall
> also award reasonable attorneys' fees, filing fees and reasonable costs
> of suit."); N.J.S.A. § 56:12-17 ("Any person who violates the
> provisions of [the TCCWNA] shall be liable to the aggrieved
> consumer for a civil penalty of not less than $100.00 or for actual
> damages, or both at the election of the consumer, together with
> reasonable attorney's fees and court costs."); N.J.S.A. § 56:12-16
> (stating that under the TCCWNA "[n]o consumer contract . . . shall
> contain any provision by which the consumer waives his rights under
> this act").

Bell Cert., Ex. A, at 4-5.

Furthermore, Defendant's argument also flies in the face of the precedent set in

*Mullin*, *supra*, where the court held that "the language of the [CFA] itself, **not a violation**

**of the [CFA]**, creates a right to recover attorneys' fees and costs.  Thus, Plaintiffs need

not prove a violation of the NJCFA in order to recover under the [TCCWNA]."  2008

U.S. Dist. LEXIS 87577, at *11 (Emphasis added).  A plaintiff's right to recover

attorneys' fees and costs, therefore, does not rise or fall on proving a violation of the CFA

or ascertainable losses.  This argument was made by Plaintiff to the Court of Appeals,

which apparently accepted it by rejecting Defendant's argument – then and now – that a

violation of the CFA was need.

This is also entirely consistent with New Jersey Supreme Court precedent which

held that that "a consumer-fraud plaintiff can recover reasonable attorneys' fees, filing

fees, and costs if that plaintiff can prove that the defendant committed an unlawful practice, even if the victim cannot show any ascertainable loss and thus cannot consider treble damages." *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 647 A.2d 454, 465 (1994).

Moreover, as the Court of Appeals ruled, the Wynn Contract violates the fee-shifting provisions of the CFA.  With regard to attorneys' fees and costs, the Wynn Contract provides as follows:

> Each party shall pay the fees of its own attorneys, the expenses of its witnesses, and all other expenses connected with the presentation of its case.  The parties shall share equally the costs of arbitrator and the fees charged by the arbitrators.

Bell Cert., Ex. D.  This provision violates the fee-shifting provisions of the CFA because it mandates that Plaintiff – a consumer – must always pay for her attorneys' fees and costs, while case law makes clear that an award of attorneys' fees and costs to a prevailing plaintiff under the CFA is mandatory.  The CFA fee-shifting rights are clearly established rights, and accordingly, constitute violations of the TCCWNA.

In New Jersey, the CFA statutorily provides that a successful claimant *shall* be awarded reasonable attorneys' fees, filing fees and reasonable costs of suit:

> In all actions under this section … the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.

N.J.S.A. 56:8-19; *see also Delta Funding v. Harris*, 189 N.J. 28, 44, 912 A.2d 104 (2006).  In *Delta Funding*, the New Jersey Supreme Court held that the CFA provides "mandatory attorney's fees and costs to prevailing parties", and stated that "defendants may not limit a consumer's ability to pursue the statutory remedy of attorneys' fees and costs when it is available to prevailing parties." *Delta Funding*, 189 N.J. at 44; *see also*

*Muhammed v. County Bank of Rehobeth,* 189 N.J. 1, 19, 912 A.2d 88 (2006); *Atalese v.*

*U.S. Legal Services Group, L.P.*, 219 N.J. 430, 448 n.3, 99 A.3d 306 (2014) *Mullin v.*

*Automobile Protection Corp.*, Civil No. 07-3327, 2008 U.S. Dist. LEXIS 87577 (D.N.J.

2008).  Similarly, the TCCWNA expressly provides that

> Any person who violates the provisions of this act **shall** be
> liable to the aggrieved consumer for a civil penalty of not
> less than $100.00 or for actual damages, or both at the
> election of the consumer **together with reasonable
> attorney's fees and court costs.**

N.J.S.A. *§* 56:12-17 (emphasis added).

Part of the rationale for disallowing such provisions is that they deter consumers

from pursuing statutory remedies and are unconscionable.  *See Delta Funding, Inc. v.*

*Harris*, 466 F.3d 273 (3d Cir. 2006) and *Delta Funding Inc.*, 189 N.J. at 40.  The Court of

Appeals explained the public interest behind the rejection of fee-splitting clauses in

*Spinetti v. Service Corp. Int'l*, 324 F.3d 212 (3d Cir. 2003):

> the concern is that cost-splitting provisions will deter
> potential litigants from bringing their statutory claims in the
> arbitral forum. When the cost-splitting provision is in the
> arbitration agreement, potential litigants who read the
> arbitration agreement will discover that they will be liable,
> potentially, for fees if they bring their claim in the arbitral
> forum and thus may be deterred from doing so.

324 F.3d at 218 n.2 (citing *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 675 (6th

Cir. 2003)).

Here, Defendants, through their offering of the Wynn Contract, do seek to limit

consumers' ability to pursue their statutory remedy of attorneys' fees and costs by

mandating – through the use of the word "shall" – that those fees and costs are solely the

responsibility of the consumer in all circumstances. Indeed, in *Atalese v. _____*, 219

16

N.J. ___ (____), the New Jersey Supreme Court, citing its decision in *Delta Funding*,

disapproved of a fee provision almost identical to the one at issue on this appeal.  219

N.J. at 448 n.3 ("Our opinion should not be read to approve that part of the arbitration

clause that states: 'The costs of arbitration, excluding legal fees, will be split equally or

born by the losing party, as determined by the arbitrator. The parties shall bear their own

legal fees.'").

The holding in *Mullin, supra*, was acknowledged in *McGarvey v. Penske Auto.*

*Group, Inc.*, Civ. No. 08-5610, 2011 U.S. Dist. LEXIS 35408 (D.N.J. Mar. 31, 2011)

(Simandle, *C.J.*), *aff'd on other grounds*, 2012 U.S. App. LEXIS 13450 (3d Cir. July 2,

2012), in which Chief Judge Simandle directly addressed what is a "clearly established

right" under the TCCWNA, and specifically referenced *Mullin* as addressing "an

unambiguous right created by statute" – namely the right to recover attorneys' fees and

costs under the CFA.  2011 U.S. Dist. LEXIS 35408, at *12, n.3.

Defendant's argues, without support, that TCCWNA requires "additional,

underlying causes of action purporting to serve as the basis for a violation of a 'clearly

established legal right."  Deft. Mem. at 12.  First, there no requirement in the statutory

text of the TCCWNA for Defendant's new requirement.  Also, Defendant confuses "legal

rights" or the "legal responsibilities established by other laws" with "causes of action".

They are not synonymous.  Indeed, the Court of Appeals in this very case had held that

Plaintiff sufficiently pled a cause of action under TCCWNA for the Wynn Contract's

violation of the fee-shifting provisions of the CFA, even though the CFA claim was

dismissed.  Order, at 2, 4, 5.

Defendant's reliance upon *Wilson v. Kia Motors American, Inc.*, Case No. 13-1069, 2015 WL 3903540 (D.N.J. June 25, 2015); *Gordon v. Mazda Motor Corp*, Case No. 13-3142, 2014 WL 197821, \*3 (D.N.J. Jan. 13, 2014): and *Gillette v. Toyota Motor Sales, U.S.A., Inc.*, 980 F. Supp. 2d 660 (D.N.J. 2013) are completely misplaced.  In both *Gillette* and *Gordon*, the courts never addressed any TCCWNA requirement for an underlying cause of action under New Jersey's Lemon Law;  the courts found that the purported violation of the Lemon Law was not a violation because "[t]he Lemon Law states that a consumer must 'report' a nonconformity before a manufacturer's statutory obligation to fix the problem is triggered. N.J.S.A. 56:12-31" and the certified mail requirement fit the definition of "report" and was approved by the New Jersey Division of Consumer Affairs.  *Gillette*, 980 F. Supp. 2d at 663.  *Wilson* was even more off point in that the holding and the section quoted by Defendant (Deft. Mem. at 13) ***never*** mention any TCCWNA requirement of an underlying, additional cause of action.  The *Wilson* court merely held that the purported "right" under the Lemon Law was not "unclear" and thus not a violation of the TCCWNA.  To the extent that the *Wilson* court found that the plaintiff in that case failed to set forth a cognizable claim under the CFA and thus, her TCCWNA claim fails, that argument, in particular with respect to a failure to allege an ascertainable loss, was rejected *as it applies to the right to recover attorneys' fees under the CFA* by the New Jersey Supreme Court in *Cox, supra*, 647 A.2d at 465.  As such it is distinguishable from the present case.[1]

---

[1] Defendant's citation to cases in which courts have found that a violation of the CFA supports a TCCWNA violation (Deft. Mem. at 14 and 18), which are all valid lines of cases, are unavailing because those cases do not establish the opposite, which is Defendant's argument, namely that the absence of a full CFA violation prevents the existence of a independent TCCWNA claim.

## CONCLUSION

As set forth above, Defendants' motion for judgment on the pleadings should be denied in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: August 1, 2016

<div style="margin-left:40%">

BY    s/ Andrew P. Bell    

**LOCKS LAW FIRM, LLC**
Michael A. Galpern, Esquire
Andrew P. Bell, Esquire
James A. Barry, Esquire
801 Kings Hwy. N.
Cherry Hill, NJ 08034
(856) 663-8200

**LAW OFFICES OF CHARLES N. RILEY, LLC**
Charles N. Riley, Esquire
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666

*Attorneys for Plaintiff Tijuana Johnson*

</div>

---

Defendant's other argument, for example, regarding enforcing settlements (Deft. Mem. at 16-17) are misplaced because Defendant purposefully ignores that the Court of Appeals in this case, with full knowledge that Plaintiff's CFA claim was dismissed with prejudice, still held that Plaintiff stated a sufficient TCCWNA claim.